**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 11:27 am, Mar 23, 2017*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>15-10005</u> |
| JAMES EDWIN HICKS, | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| JAMES EDWIN HICKS, | ) | Adversary Proceeding |
| | ) | Number <u>16-01019</u> |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| A/K/A U.S. BANK, N.A., | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**OPINION AND ORDER**

This order addresses the Motion for Judgment on the Pleadings filed by U.S. Bank National Association a/k/a U.S. Bank, N.A. ("U.S. Bank") seeking dismissal of the complaint filed by James Edwin Hicks ("Plaintiff" or "Debtor"). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (G), (K), and (O). The

AO 72A
(Rev. 8/82)

Court has jurisdiction to address the motion under 28 U.S.C. §1334. For the following reasons, U.S. Bank's motion is denied.

## FINDINGS OF FACT

Debtor's complaint in verbatim states the following:

1.   Debtor filed this Chapter 13 Bankruptcy on January 2, 2015.

2.   Defendant [U.S.] is a Creditor of the Debtor, and was included in the Bankruptcy schedules.  U.S. Bank is not registered with the Secretary of State as a corporation doing business in Georgia. However, U.S. Bank has appeared in this underlying bankruptcy case and may be served through its attorney by first class mail, Bankruptcy Rules of Procedures, 7004(h) (1).

3.   This Court has jurisdiction over this case proceeding pursuant to 28 U.S.C. Sections 157 and 133 and 11 U.S.C. Sections 362, 522 and 544; and 28 U.S.C. Section 157(b) (2) (A), (E), (K) and (O). Venue is proper pursuant to 28 U.S.C. Section 1409(a).

4.   In his bankruptcy petition the Debtor also scheduled under Real Property a house and five (5) acres in Burke County, Georgia in which he lived and claimed a homestead exemption.

5.   [U.S. Bank] held a mortgage in said house and five (5) acres.

6.   At the time of the bankruptcy filing and for all times relevant to this proceeding, Debtor was a member of the armed forces of the United States, classified as active duty pending service related disability retirement application.

7.   While Debtor was serving in this capacity,

2

AO 72A
(Rev. 8/82)

Debtor's now estranged wife, Cynthia Hicks, was handling household financial matters and allegedly fell behind on mortgage payments.

8.   After separating from his estranged wife, Debtor took over his household finances, contacted Defendant, and initiated the process to obtain a mortgage modification.

9. [U.S. Bank] failed to process the mortgage modification or comply with the conditions set forth in its deed to secure debt.

10.   Debtor was eligible for mortgage modification then and continues to be eligible now.

11.   Notwithstanding said failure to process the mortgage modification, [U.S. Bank] began a nonjudicial foreclosure of the house and 5 acres.

12.   The foreclosure sale was scheduled for December 2, 2014. However, because of Debtor's status, [U.S. Bank] would have been unauthorized to proceed with a foreclosure.

13.   On the day of the scheduled foreclosure, Debtor went to the Burke County Courthouse during the hours of sale. Debtor did not observe anyone conduct a foreclosure sale for [U.S. Bank].

14.   Thirty days after the date scheduled for a foreclosure, Debtor checked the public record and saw no foreclosure deed recorded.

15.   Debtor filed the bankruptcy petition and plan on January 2, 2015. The plan reserved for the Debtor all rights to proceed and/or continue with a mortgage modification with [U.S. Bank].

16. [U.S. Bank] did not object to the plan, and

3

the plan was confirmed on October 8, 2015.

17. After the bankruptcy filing, [U.S. Bank] contacted Debtor indicating that the mortgage modification process would continue. A copy of correspondence received by the Debtor is attached as Exhibit "A" hereto.

18. Debtor is ready, willing, and able to go forward with a loan modification with Defendant.

19. There is no reason why the mortgage should not be modified and that said modification be approved.

20. A mortgage modification is in the best interest of Debtor and is essential in order for Debtor to protect his homestead exemption.

21. A mortgage modification is in the best interest of [U.S. Bank] inasmuch as it will enable [U.S. Bank] to receive the full present value of its secured debt.

22. The transfer contemplated by the attempted foreclosure, if a public sale was in fact conducted, was not perfected at the time of the bankruptcy filing.

23. In order to be perfected as against a hypothetical bona fide purchaser, a deed under power of sale would have had to been recorded prior to the bankruptcy filing.

24. In this case, [U.S. Bank] did not file the deed prior to the bankruptcy or within the time mandated under State law. The sale was not confirmed.

25. State law mandates that a foreclosure deed be filed on the public record within ninety days of the date of sale, O.C.G.A. Sec. 44-14-160.

4

26.   State law provides that an unrecorded deed under power is ineffective as against a bona fide purchaser for value, O.C.G.A. Sec. 44-2-3.

27.   Once the bankruptcy was filed, any attempt to perfect [U.S. Bank's] transaction or position would have been a violation of the automatic stay pursuant to 11 U.S.C. Sections 362(a)(3) and (5) which state:

> "[A] petition operates as a stay, applicable to all entities of –
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate …
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case…;" accordingly, such action would have been null and void.

28.   [U.S. Bank's] filing of the deed under power on June 4, 2015 was a knowing and willful violation of the automatic stay, and should be declared null and void.

29.   [U.S. Bank's] act of violating the automatic stay by filing the deed under power should be cited and punitive damages and other damages imposed in order to deter this and other creditors from engaging in such behavior in the future and to compensate fully the Debtor.

30. Pursuant to 11 U.S.C. Sec. 522(h), and Sec. 544(a)(3), the Debtor is authorized to invoke the strong arm powers in order to avoid an involuntary transfer that impairs the Debtor's exemptions.

5

31. The Debtor has disclosed the status of the unrecorded foreclosure to the Trustee, and the Trustee has not exercised any avoidance powers. Such powers are not generally available or availed upon by a Chapter 13 Trustee, but it is necessary for the Debtor to do so to protect his interest in the homestead. In re Thompson, 499 B.R. 908, 2013 WL 3479768 (BR SD Ga. 2013).

32. A bona fide purchaser could have acquired an interest in the real property of the Debtor, subject to [U.S. Bank's] secured debt at the time of the bankruptcy filing because there was no public record of a foreclosure.

33. Accordingly, the parties should be returned to their positions prior to the bankruptcy, and the stay should remain in effect to allow the loan modification process to be completed.

34. U.S. Bank's Motion For Relief From the Stay [Doc#55] should be consolidated procedurally with this adversary proceeding and should be continued to allow full adjudication of the rights of the parties.

Dckt. No. 6.

## CONCLUSIONS OF LAW

U.S. Bank contends this Court lacks jurisdiction over the subject property because it was not property of the bankruptcy estate when Debtor filed his bankruptcy petition due to a valid pre-petition foreclosure sale. Conversely, Debtor argues the complaint sets forth plausible claims that the foreclosure was invalid and may be avoided under 11 U.S.C. §544, and that U.S. Bank violated the automatic stay, and that the res judicata effect of Debtor's

6

AO 72A
(Rev. 8/82)

confirmed plan bars U.S. Bank's argument.    For the following reasons, the Court finds Debtor's complaint states plausible claims for relief sufficient to survive the motion for judgment on the pleadings.

Pursuant to Federal Rule of Civil Procedure 12(c), "[A]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."    Fed. R. Civ. P. 12(c).[1]    A "judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."    Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).    When considering a Rule 12(c) motion, facts set forth in the complaint are taken as true and viewed in "the light most favorable to the nonmoving party."    Id.    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

In this case, Debtor's complaint states sufficient facts to challenge the validity of the foreclosure sale.    Debtor states

---

[1]    Rule 12 is made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012.

AO 72A
(Rev. 8/82)

Case:16-01019-SDB  Doc#:51  Filed:03/23/17  Entered:03/23/17 11:39:55  Page:8 of 14

that he was present at the courthouse during the legal hours of the sale and did not witness any foreclosure conducted on behalf of U.S. Bank involving the subject property. For purposes of a Rule 12(c) motion, this fact must be taken as true and viewed in the light most favorable to Debtor. Hawthorne, 140 F.3d at 1370. Only a valid foreclosure sale terminates Debtor's equity of redemption. See Titan Constr. Co., LLC, v. CBC Nat'l Bank, 2013 WL 1130594, at *4 (S.D. Ga. March 15, 2013)(inaccurate legal description in the security deed made foreclosure sale invalid and deed under power void and did not terminate the borrower's right of possession and equity of redemption); In re Sanders, 108 B.R. 847, 849 (Bankr. S.D. Ga. 1989)(discussing the foreclosure process of advertising and auction and stating that a valid foreclosure sale under the power of sale in the security deed, if properly conducted and advertised will terminate the equity of redemption); see also In re Pearson, 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985)("Georgia law states that the equity of redemption expires when the high bid is received at the foreclosure sale."); In re Williams, 393 B.R. 813, 817 (Bankr. M.D. Ga. 2008)(a properly conducted foreclosure cuts off the equitable right of redemption)(quoting In re Morgan, 115 B.R. 399, 401 (Bankr. M.D. Ga. 1990).

        If U.S. Bank did not duly cry off the property, the

8

(Rev. 8/82)

foreclosure was not properly conducted and any purported sale associated therewith is invalid and Debtor retained the right of redemption at the time he filed his bankruptcy petition. See O.C.G.A. §9-13-160 (requiring all public sales to be conducted between the hours of 10 a.m. and 4:00 p.m.); O.C.G.A. §44-14-162 ("No sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located."); In re Cummings, 173 B.R. 959, 962 (Bankr. N.D. Ga. 1994)(statute is strictly construed); Titan Constr. Co., LLC, 2013 WL 1130594, at *4 (invalid foreclosure sale did not terminate the borrower's right of possession and equity of redemption); In re Foster, 108 B.R. 361, 366 (Bankr. M.D. Ga. 1989)(setting aside foreclosure where lender failed to properly advertise the week preceding the sale); Hood Oil Co. v. Moss, 214 S.E.2d 726, 728 (Ga. Ct. App. 1975)(invalidating foreclosure where property was not sold on date advertised but rather a month later); The Warren Co. v. Little River Farms, Inc., 187 S.E.2d 568, 569 (Ga. Ct. App. 1972)(setting aside a foreclosure sale due to incorrect address of sale being in the petition, order and advertisement); 3A Ga. Jur. Property §32:35 (March 2017)(the validity of sales

9

conducted pursuant to mortgages, deeds, or other lien contracts depends on proper advertising and whether the sale was conducted at the time and place and manner as sheriff's sales); see also 11 U.S.C. §541(a)(property of the estate includes "all legal or equitable interests of the debtor as of the commencement of the case"); In re Foskey, 1991 WL 11002470, at *4 (Bankr. S. D. Ga. Oct. 7, 1991)(a debtor's right of redemption constitutes property of the estate).

Also, the security deed obligates U.S. Bank to conduct a foreclosure sale in accordance with applicable law. Dckt. No. 23, Ex. B. ¶18. The security deed further requires U.S. Bank to "sell the Property at public auction to the highest bidder at the time and place and under the designated in the notice of sale . . . . The recitals in [U.S. Bank's] deed shall be prima facie evidence of the truth of the statements made therein." Id. Debtor states in his complaint that he was present at the courthouse during the legal hours of the sale and did not witness anyone conducting the sale of the property on behalf of U.S. Bank. At this stage of the litigation, Debtor's allegations are sufficient to survive a motion for judgment on the pleadings and overcome any prima facie presumption. See In re Champs-Elysses, Inc. v. Fulton Fed. Sav. & Loan Ass'n, 274 S.E.2d 482, 484 (Ga. 1981)("The basic issue to be

10

AO 72A
(Rev. 8/82)

determined in this case is whether the sale under power was conducted in a valid manner and could result in the execution and delivery of a valid and binding deed to the highest bidder. In order to make this determination, it is necessary to look not only to the conduct of the sale itself but also to the acts which were committed prior to the sale and subsequent to the sale."); Winstar Dev., Inc. v. Suntrust Bank, 708 S.E.2d 604, 610 (Ga. Ct. App. 2011)(rejecting the argument that a deed under power of sale is the only competent evidence to establish the regularity of the sale and relying on the testimony of a bank employee that witnessed the foreclosure sale). For these reasons, the Court finds Debtor's complaint states a plausible claim sufficient to overcome a motion for judgment on the pleadings.

Furthermore, a chapter 13 debtor has standing to avoid the transfer using the 11 U.S.C. §544 "strong arm powers" of the trustee if it impairs Debtor's exemptions under §522(g) and the trustee does not attempt to avoid the transfer. See 11 U.S.C. §522(h)[2] and

---

[2]  11 U.S.C. §522(h) states in pertinent part:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if--

(1) such transfer is avoidable by the trustee under

11

§544(a)(3)(trustee as a bona fide purchaser for value); <u>In re</u> <u>Thompson</u>, 499 B.R. 908, 912 (Bankr. S.D. Ga. 2013)(agreeing with the majority of courts finding a chapter 13 debtor, standing alone, may not invoke the trustee's statutory powers under §544(a)(3) as a defense in a reformation action, except under 11 U.S.C. §522(h)). According to Debtor's complaint, the foreclosure process was not duly completed when he filed his bankruptcy petition and the Chapter 13 Trustee has not sought to avoid the deed.   At this stage in the proceedings, Debtor has standing to pursue his arguments and his complaint states a plausible claim for avoidance.

Debtor's complaint as to his §362 stay violation claim also states sufficient facts to survive a motion for judgment on the pleadings.   The stay automatically arises when the bankruptcy petition is filed and prohibits certain actions against the debtor, property of the debtor, and property of the estate.   <u>See generally</u> 11 U.S.C. §362(a).   In this case, taking the allegations set forth in Debtor's complaint as true and viewing them in a light most favorable to Debtor, on the petition date Debtor retained an

---

section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

12

interest in the property which became property of his bankruptcy estate and the filing of the deed post petition would be a collection action in violation of the stay. For these reasons, Debtor's complaint states a claim for a §362 stay violation.

Debtor's complaint also states a claim that U.S. Bank is bound by the terms of the confirmed plan. Debtor's complaint states a plausible claim that the property remained property of the bankruptcy estate at the time the petition was filed. Debtor's confirmed chapter 13 plan "reserved for the Debtor all rights to proceed and/or continue with a mortgage modification with [U.S. Bank]." Dckt. No. 1; see also Chap. 13 Case No. 15-10005, Dckt. No. 37. U.S. Bank failed to object to the plan and the plan was confirmed. As a result, Debtor argues the res judicata effect of the confirmed plan bars U.S. Bank's argument that the subject property is not property of Debtor's bankruptcy estate. The allegations set forth in the complaint, taken as true, sufficiently state a claim to survive a motion for judgment on the pleadings. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a). "Once a proposed Chapter 13 plan is confirmed, the rights of creditors are

13

AO 72A
(Rev. 8/82)

fixed in accordance with the plan, and the debtor emerges with the contracts between himself and creditors having been rewritten as evidenced by his plan as confirmed." In re Thompson, 2014 WL 1330110, at *3 (Bankr. S.D. Ga. March 31, 2014)(quoting In re Watson, 292 B.R. 441, 444 (Bankr. S.D. Ga. 2003). Debtor's complaint states a plausible claim that U.S. Bank is bound by the terms of the confirmed plan because it did not object to confirmation. See Title Max v. Northington, 559 B.R. 542, 546 (M.D. Ga. 2016)(holding that the creditor was bound by the terms of the confirmed plan when it did not object to confirmation thereby foreclosing its argument that the right of redemption had terminated and the property was no longer property of the estate); In re Thompson, 2014 WL 1330110, at *3 (Bankr. S.D. Ga. March 31, 2014)(finding that under the language of 11 U.S.C. §1327, the viability of the creditor's argument that the property was no longer property of the bankruptcy estate at confirmation is foreclosed by the res judicata effect of the confirmed plan).

For these reasons, it is ORDERED that U.S. Bank's Motion for Judgment on the Pleadings is DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __23rd__ Day of March 2017

14

AO 72A
(Rev. 8/82)