**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 11:58 am, Feb 27, 2018*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>15-10005</u> |
| JAMES EDWIN HICKS, | ) | |
| | ) | |
| Debtor | ) | |
| ———————————————— | ) | |
| | ) | |
| JAMES EDWIN HICKS, | ) | Adversary Proceeding |
| | ) | Number <u>16-01019</u> |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| A/K/A U.S. BANK, N.A., | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————— | ) | |

**OPINION AND ORDER**

This order addresses the Summary Judgment Motion filed by U.S. Bank National Association a/k/a U.S. Bank, N.A. ("U.S. Bank") and the cross summary judgment motion filed by James Edwin Hicks ("Debtor"). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (G), (K), and (O). The Court has jurisdiction

to address the motion under 28 U.S.C. §1334.  For the following reasons, both motions are denied.

### UNDISPUTED FACTS

In March 2012, Debtor executed a promissory note and granted a security interest to Peoples Bank in real property located in Burke County, Georgia.  Dckt. No. 63.  Peoples Bank assigned the note and security deed to U.S. Bank.[1]  Dckt. No. 63.  The security deed was recorded in the real estate records for Burke County.  Id. Debtor and his now estranged wife, Cynthia Hicks, defaulted on the note.  Id.  Debtor maintains at all relevant times he was in "active military duty pending service related disability retirement" status. Dckt. No. 6.

In support of its motion, U.S. Bank submits the affidavit of Mr. William M. Wells, an Assistant Vice President with U.S. Bank, setting forth its time-line of events.  According to Mr. Wells, U.S. Bank sent Debtor a notice of Default and Right to Cure letter. Dckt. No. 62, Aff. of Wells, Ex. B.  Thereafter, U.S. Bank sent Debtor a letter advising him he was in default for failing to make

---

[1] According to Debtor, U.S. Bank has now informed him that it no longer has the property at issue as it has been transferred to HUD. Dckt. No. 80.  Debtor states he has requested documentation of the transfer and questions whether full relief may be granted without HUD being added as a party and U.S. Bank's standing.  Dckt. No. 80. To date, no party has moved to add HUD as a party.

2

his monthly payments and giving Debtor thirty (30) days to cure the default.   Dckt. No. 62, Aff. of Wells, Ex. A.   After Debtor inquired as to any alternatives to foreclosure, U.S. Bank notified him of the Home Affordable Modification Program ("HAMP").  Dckt. No. 62, Aff. of Wells, Ex. C.  The letter informed Debtor that for U.S. Bank to determine if he was eligible for its HAMP the following documents were needed:   Request for Modification and Affidavit ("RMA");  IRS Form 4506-T;  documentary evidence of income;  and a Dodd-Frank certification.  Id.  U.S. Bank enclosed the RMA, IRS Form 4506-T and the Dodd-Frank certification and stated in addition to these items, the following documents also were needed from each borrower:   two most recent pay stubs;  proof of unemployment benefits;  social security award letters;  pension statements;  and Federal Tax Return and/or W-2 from last year;  proof that insurance and property taxes were being paid.  Id.  The letter stated:

> Please note that if U.S. Bank does not receive a substantially complete package [A "substantially complete package" consists of a completed and signed RMA and evidence of income] from you or your authorized representative prior to midnight of the seventh (7th) business day preceding a scheduled foreclosure sale of your property, U.S. Bank will not consider your loan modification request, and the foreclosure sale will proceed as scheduled.

Dckt. No. 62, Aff. of Wells, Ex. C.  According to Mr. Wells, Debtor

3

faxed a Fannie Mae/Freddie Mac Form 710, titled "UNIFORM BORROWER ASSISTANCE FORM" to U.S. Bank, which is a different form than the RMA form requested.   Dckt. No. 62, Aff. of Wells, Ex. D. Thereafter, U.S. Bank informed Debtor that he must submit the following documents:  RMA; Form 4506-T; two current and consecutive pay stubs; and a list of all monthly expenses.   Id., Ex. E.   The letter states "[A]s we indicated in our acknowledgment letter to you, while we consider your request, we may not refer your account to foreclosure, or schedule or conduct a scheduled foreclosure sale if your account is already in foreclosure."   Id., Ex. E. Thereafter, U.S. Bank sent Debtor another letter detailing the missing documents:  RMA; Form 4506-T; two current and consecutive pay stubs; a list of all monthly expenses; and now requested a detailed hardship letter.   Id., Ex. F.   Regarding foreclosure, the letter states:

> Foreclosure activities, including foreclosure
> referral and any scheduled foreclosure sale,
> will   continue   pending   receipt   of   the
> substantially complete package.  If we do not
> receive a substantially complete package from
> you or your authorized representative prior to
> midnight of the 15th business day preceding a
> scheduled foreclosure sale of your property, we
> will be unable to further consider your request
> and   the   foreclosure   sale   will   proceed   as
> scheduled.   Please   take   into   consideration
> delivery time delays.  To expedite delivery of
> documentation, you may use the email address
> provided below for your Relationship Manager.

4

> Once a substantially complete package is
> received in our office, foreclosure referral
> will not occur unless a non-approval notice
> stating the reason for the decision is issued,
> and any appeal period to which you are entitled
> has expired.  If your account is currently
> active in foreclosure, we will halt any
> foreclosure activity, and attempt to cancel or
> suspend any scheduled foreclosure sale of your
> property. . . . If you are a servicemember or a
> servicemember's dependent, you may be entitled
> to protections under the Servicemembers Civil
> Relief Act (SCRA) regarding your interest rate
> and risk of foreclosure. . . .

Dckt. No. 62, Aff. of Wells, Ex. F.  On October 22, 2013, a Loss Mitigation Review Cancellation Notice informed Debtor that U.S. Bank was unable to determine his eligibility because it had not received the necessary documentation by the deadlines previously provided. Id., Ex. G.  U.S. Bank contends in December 2013 Debtor again submitted the Fannie Mae/Freddie Mac Form 710 which is not the correct form, but this started the loan modification process over again.  Id. Ex. H. In response, on December 16, 2013, U.S. Bank acknowledged receipt of Debtor's Loss Mitigation Application and his Form 4506-T and requested the following documents by January 14, 2014:

> Complete the enclosed 4506-T (signed and dated
> by all contributing parties) Updated one we
> received is expired;
> Borrower-Documentation showing receipt of the
> Disability payment such as two most recent bank
> statements showing deposits or cancelled check
> copies;

5

> Dodd Frank Certification (signed by all contributing parties). . . . Upon receipt of a substantially complete package, we will review your information within 30 calendar days. You may also be required to provide additional documentation after you have submitted all of the missing items depending upon the outcome of the initial review. . . . . Foreclosure activities, including foreclosure referral and any scheduled foreclosure sale, will continue pending receipt of the substantially complete package. If we do not receive a substantially complete package from you or your authorized representative prior to midnight of the 7th business day preceding a scheduled foreclosure sale of your property, we will be unable to further consider your request and the foreclosure sale will proceed as scheduled. . . . Once a substantially complete package is received in our office, foreclosure referral will not occur unless a non-approval notice stating the reason for the decision is issued and any appeal period to which you are entitled has expired. If your account is currently active in foreclosure, we will halt any foreclosure activity, and attempt to cancel or suspend any scheduled foreclosure sale of your property.

Dckt. No. 62, Aff. of Wells, Ex. I. U.S. Bank has not submitted to this Court, Debtor's Loss Mitigation Application or Debtor's completed Form 4506-T although it acknowledges receiving these documents. See Id.

Debtor contends he submitted the financial information and the forms requested. On December 18, 2013, U.S. Bank sent Debtor another new RMA form package and requested the same information again. Id., Ex. J. In January 2014, U.S. Bank mailed Debtor a

6

letter informing Debtor his application was incomplete and the following documents are missing:

> 4506-T Form (signed and dated by all contributing parties) Received, but missing Cynthia's social security number in section one.
>
> Borrower-Documentation showing receipt of the Disability payment such as two most recent bank statements showing deposits or cancelled checks copies Received bank statement, but does not show Disability payment; and
>
> Dodd Frank Certification (signed and dated by all contributing parties).

Id., Ex. K. The letter also informed Debtor that once a facially complete package is received, foreclosure activity will be halted. Debtor received more letters in January, February, and March 2014 showing receipt of forms but stating that the forms were deficient-- e.g., an altered date on the RMA and Cynthia's missing social security number on Form 4506-T and acknowledging receipt of Debtor's bank statements but stating the statements do not show Debtor's disability payment. Id.

Debtor states he sent the requested proof of income. Dckt. No. 70. However, Debtor says in July 2014, U.S. Bank asked for all new forms stating the forms on file had expired. Dckt. No. 62, Aff. of Wells, Ex. K. In August 2014, Debtor emailed bank statements and a RMA form. Id., Aff. of Wells, ¶¶23 and 24. Again,

7

in November 2014, U.S. Bank mailed Debtor a brand new RMA initial package enclosing a new RMA, 4506-T Form, Dodd-Frank Certification, and requesting the following information be submitted as proof of income: copies of two most recent pay stubs; proof of unemployment benefits; social security award letters; pension statements; and Federal Tax Return and/or W-2 for last year. Id., Ex. M. According to U.S. Bank, Debtor again only sent in the RMA and Dodd-Frank certification. Id., Ex. N.

U.S. Bank contends it called and emailed Debtor that he needed to provide all required documents including award letters for his pension and survivor benefits, and pension statements which contained his name and identifying information. Dckt. No. 62, Aff. of Wells, ¶27. U.S. Bank avers Debtor emailed U.S. Bank the benefits award letters, but not the benefit statements and did not provide other necessary documentation within seven (7) days prior to the December 2, 2014 scheduled foreclosure. Id. at ¶28. As a result, U.S. Bank avers Debtor's property was foreclosed upon on December 2, 2014. Id. at 29.

U.S. Bank hired the law firm of Pendergast & Associates, P.C. to handle the foreclosure. U.S. Bank provided the affidavit of Mr. Howell A. Hall, an attorney with Pendergast & Associates, P.C. who retained Traditional Title to conduct a foreclosure sale on the

8

Burke County Courthouse steps. Dckt. No. 62, Ex. C. Mr. Hall avers the appropriate letters were sent to Debtor notifying him of the foreclosure and that the proper notices appeared in the legal newspaper during the month of November. Id. Mr. Hall avers he received the sales results from Traditional Title confirming that the foreclosure sale occurred at 12:45 p.m. on December 2, 2014 on the steps of Burke County Courthouse. Dckt. No. 62, Ex. C.

Mr. Jason Mitchem, an employee of Traditional Title, was assigned to "cry out" the foreclosure. Dckt. No. 62, Ex. D. In his affidavit, Mr. Mitchem avers he personally conducted the foreclosure sale on the Burke County Courthouse steps on December 2, 2014 at 12:28 p.m. and the sale was open for seventeen (17) minutes. Id. Mr. Mitchem avers he did not receive any other competitive bids for the property, so it was sold to U.S. Bank for its initial opening bid of $120,900.00. Dckt. No. 62, Ex. D. Attached to Mr. Mitchem's affidavit is a sale log showing the geographical coordinates, longitude and latitude, of where he conducted the sale. Id.

In contrast, Debtor contends in an affidavit that he and a friend, Kevin Stewart, personally were at the Burke County Courthouse steps from 8:30 a.m. to 4:00 p.m. on December 2, 2014 with the intent to bid or attempt to persuade U.S. Bank to stop the

9

foreclosure sale.   Dckt. No. 70, Ex. C.   Debtor avers they never heard, nor witnessed anyone from U.S. Bank foreclosing on the property.   Dckt. No. 70, Ex. C.   Furthermore, Debtor points out that U.S. Bank's latitude and longitude coordinates of where it claims the foreclosure sale occurred are not the coordinates for the Burke County Courthouse.   Id.

By affidavit, Mr. Michael Watkins, president of Traditional Title, avers a cellular geographical data glitch occurred throughout the day of December 2, 2014, which caused the device's specific location points to be "slightly inaccurate and skewed from its actual location."   Dckt. No. 62, Ex. E.   However, he avers despite the inaccurate geographical longitudinal and latitudinal coordinates, the sale did take place on the Burke County Courthouse steps.   Dckt. No. 62, Ex. E.

Mr. Wells avers Debtor called U.S. Bank after the foreclosure sale and stated he had sent all his documents in by November 25, 2014, but U.S. Bank told Debtor he specifically did not provide a pension statement deposits showing his name so U.S. Bank could not consider them.   Dckt. No. 62, Aff. of Wells, ¶30.   Debtor contends he submitted a "substantially complete package" several times, but U.S. Bank apparently had difficulties keeping track of the documents as evidenced by its repeated document requests for

10

AO 72A
(Rev. 8/82)

documents he had previously submitted.  Dckt. No. 70, Ex. C.  Debtor contends his bank statements showed deposits and he sent U.S. Bank all the additional documentation he could obtain from the Veteran's Administration and the Department of Defense.  Id.

After the purported foreclosure, Debtor avers he continued to receive contradictory letters from U.S. Bank informing him of the need to maintain insurance on the property, some letters telling him where to send his payments and some informing him of his eligibility for loan servicing with an outstanding balance.  Dckt. No. 70, Ex. C.  Debtor avers U.S. Bank even left voicemail inquiring whether he was interested in loan modification.  Id.

Debtor filed a chapter 13 bankruptcy petition on January 2, 2015.  Around the petition date, Debtor received a 1099-C "Cancellation of Debt" IRS form from U.S. Bank showing a $89,875.24 debt as discharged.  Dckt. No. 70, Aff. of Debtor, Ex. A.  On his bankruptcy petition, Debtor listed his street address as the property which was allegedly foreclosed upon; however, this property was not listed on his initial schedule of real property.  Dckt. No. 1, Sch. A/B, Chap. 13 Case No.  15-10005 (Bankr. S.D. Ga. Jan. 2, 2015).  On May 13, 2015, Debtor amended his real property bankruptcy Schedule A to include the property listing it as "Primary Residence-Single Family Home, 5 acres with improvements (1284 Marks Walden

11

Road)." Id., Dckt. No. 27. Debtor's amended plan states "U.S. Bank debt & lien has been reduced to value of collateral, $120,900.00, by debt discharge of $89,875.24 on December 2, 2014, as per 1099-C issued by creditor. Debtor will retain all loan servicing rights with U.S. Bank and will be authorized to enter into a note modification as to payments on the remaining secured claim, ($120,900.00.)." Id., Dckt. No. 37. U.S. Bank is listed on the certificate of service for the modified plan. Id., Dckt. No. 40. Debtor's modified plan was confirmed without objection from U.S. Bank. Id., Dckt. No. 53.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a

12

genuine issue of material fact." <u>Celotex</u>, 477 U.S. at 323 (internal quotations omitted).  Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>First Nat'l Bank of Arizona v. Cities Servs. Co.</u>, 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e).  "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion.  All reasonable doubts and inferences should be resolved in favor of the opponent." <u>Amey, Inc. v. Gulf Abstract & Title, Inc.</u>, 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted).

U.S. Bank and Debtor have filed cross summary judgment motions.  U.S. Bank requests summary judgment contending its valid pre-petition foreclosure sale forestalled the property from becoming property of Debtor's bankruptcy estate.  Conversely, Debtor argues there are material facts in dispute as to whether a valid foreclosure sale was conducted pre-petition.  Debtor also seeks summary judgment avoiding U.S. Bank's transfer of the property pursuant to 11 U.S.C. §544(a)(3) because the foreclosure deed was not recorded pre-petition.  For the following reasons, both motions

13

are denied.

**U.S. Bank's Summary Judgment Motion**.

U.S. Bank seeks summary judgment on several grounds. First, U.S. Bank contends its pre-petition foreclosure was valid and therefore the property never entered Debtor's bankruptcy estate under 11 U.S.C. §541. It argues because the property was never part of Debtor's bankruptcy estate there can be no violation of the automatic stay for its post-petition recording of the deed under power and the Court lacks jurisdiction over the property so plan confirmation is not res judicata on the property of the estate issue; and Debtor had no right to modify U.S. Bank's claim in his chapter 13 plan. U.S. Bank also asserts Debtor is judicially estopped from challenging foreclosure since the property was not listed on his initial Schedule A/B and his chapter 13 plan refers to the discharge of debt by U.S. Bank. Alternatively, U.S. Bank argues it is entitled to relief from the automatic stay.

In response, Debtor contends there is a dispute of material fact as to whether a properly conducted pre-petition foreclosure sale occurred. Debtor avers he was present at the Burke County Courthouse during the legal hours of the sale and did not witness any U.S. Bank foreclosure involving the property. Furthermore, Debtor points out, and U.S. Bank's witness Mr. Mitchem acknowledges, the latitudinal and longitudinal coordinates on U.S.

14

Bank's exhibits for the sale location are not the exact coordinates of the Burke County Courthouse. Debtor contends these disputed facts are material and sufficient to overcome U.S. Bank's summary judgment motion.

**Foreclosure**.

The majority of U.S. Bank's summary judgment arguments assume the validity of the foreclosure sale. The security deed obligates U.S. Bank to conduct a foreclosure sale in accordance with applicable law. Dckt. No. 23, Ex. B. ¶18. The security deed further requires U.S. Bank to "sell the Property at public auction to the highest bidder at the time and place and under the designated in the notice of sale . . . . The recitals in [U.S. Bank's] deed shall be prima facie evidence of the truth of the statements made therein." Id. If U.S. Bank did not duly conduct the sale on the Burke County Courthouse steps, the foreclosure was not properly conducted and any purported pre-petition sale associated therewith is invalid and Debtor retained the right of redemption at the time he filed his bankruptcy petition. O.C.G.A. §44-14-162 ("No sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located."); In re Cummings, 173 B.R. 959, 962 (Bankr.

15

N.D. Ga. 1994)(statute is strictly construed); <u>Titan Constr. Co., LLC</u>, 2013 WL 1130594, at *4 (invalid foreclosure sale did not terminate the borrower's right of possession and equity of redemption); 3A Ga. Jur. Property §32:35 (March 2017)(the validity of sales conducted pursuant to mortgages, deeds, or other lien contracts depends on proper advertising and whether the sale was conducted at the time and place and manner as sheriff's sales); <u>see also</u> 11 U.S.C. §541(a)(property of the estate includes "all legal or equitable interests of the debtor as of the commencement of the case"); <u>In re Foskey</u>, 1991 WL 11002470, at *4 (Bankr. S. D. Ga. Oct. 7, 1991)(a debtor's right of redemption constitutes property of the estate); <u>In re Pearson</u>, 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985)("Georgia law states that the equity of redemption expires when the high bid is received at the foreclosure sale."); <u>In re Williams</u>, 393 B.R. 813, 817 (Bankr. M.D. Ga. 2008)(a properly conducted foreclosure cuts off the equitable right of redemption).

U.S. Bank has offered the affidavits of those who aver that the property was duly cried off on the Burke County Courthouse steps. In contrast, Debtor avers in his affidavit that he was present at the Burke County Courthouse during the legal hours of the sale and did not witness anyone conducting the sale of the property. <u>See</u> O.C.G.A. §9-13-161(a)(legal hours of sale are between 10:00 a.m. and 4:00 p.m.). In further support, Debtor points out that U.S. Bank's own witness admits the geographical coordinates do not

16

correspond to the Burke County Courthouse.   This is a dispute of material fact sufficient to defeat U.S. Bank's summary judgment motion.

Furthermore, based upon the affidavits, U.S. Bank has not established it is entitled to summary judgment on the issue of whether Debtor had submitted a "substantially complete package" sufficient to forestall the foreclosure.  Debtor contends he has repeatedly submitted a substantially complete package to U.S. Bank, but U.S. Bank kept asking for documents that he had already submitted.   U.S. Bank states it has set forth the documents submitted to U.S. Bank through the affidavit of Mr. Wells and avers Debtor failed to timely submit all the required documentation required to consider a loan modification.

Reviewing Mr. Well's affidavit and accompanying attachments, it is apparent not all documents Debtor submitted are set forth in the affidavit as some correspondence indicates Debtor has submitted the proper Form 4506-T and yet U.S. Bank was seeking the same form again.  Compare Dckt. No. 62, Aff. of Wells, Exs. D & H (showing wrong Form 710 submitted by Debtor) with Dckt. No. 62, Aff. of Wells, Ex. I (letter acknowledging the correct Form 4506-T was received but not attaching any forms Debtor has completed).  It also is evident from the affidavits of Debtor and Mr. Wells that there were phone and email conversations between the parties and documents being submitted that are not in the record.

17

For these reasons, U.S. Bank is not entitled to summary judgment as to whether the property is property of the bankruptcy estate, whether this Court had jurisdiction over the property when the case was filed, whether the automatic stay remains in effect as to the property and whether confirmation order is res judicata as to the property of the estate issue because these arguments depend on whether a valid pre-petition foreclosure sale occurred.

**Local Rule 56.1**.

U.S. Bank further argues Debtor admitted to all the facts contained in its Statement of Facts and failed to create a material factual dispute because Debtor failed to comply with Local Rule 56.1. Southern District of Georgia Local Rule. 56.1 provides:

> **LR 56.1 Motions for Summary Judgment.** Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof. Each statement of material fact shall be supported by a citation to the record. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party. Response to a motion for summary judgment shall be made within twenty-one (21) days of service of the motion. See LR 7.5.

S.D Ga. L.R. 56.1. "The Southern District of Georgia's LR 56.1 only requires the [the Statement of Undisputed Material Facts] be

18

'controverted by a statement served by the opposing party.'" <u>Bank of the Ozarks v. Kingsland Hosp., LLC</u>, 2012 WL 5928642, at *5 (S.D. Ga. Oct. 5, 2012)(comparing N.D. Ga. L.R. 56.1 with S.D. Ga. L.R. 56.1).   Like in <u>Bank of Ozarks</u>, the Court will consider the facts and evidentiary support attached to Debtor's response brief that contradict U.S. Bank's Statement of Material Facts, all other facts are considered admitted.  <u>Id.</u> at *4-5; <u>Ameris Bank v. SB Partners, LLC</u>, 157 F.Supp.3d 1356, 1360 (S.D. Ga. 2016)(considering response to the motion for summary judgment and evidence presented by the response even when respondent did not directly respond to movant's statement of material facts).  Debtor's affidavit is attached to his response brief and the Court has considered the facts set forth therein and finds the Debtor has placed the validity of the foreclosure sale into question sufficiently to survive U.S. Bank's summary judgment motion.

**HUD Regulations.**

Debtor further challenges the validity of the foreclosure based upon U.S. Bank's purported failure to comply with applicable HUD regulations such as conducting a one-on-one interview in 24 C.F.R. 203.604, relief for mortgagors in the military, 24 C.F.R. 203.616 which Debtor contends are conditions precedent to foreclosing.  Debtor's security deed states that "Default. Lender may, except as limited by the regulations by the Secretary, in the

19

case of payment defaults, require immediate payment . . . . (d) in many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." Dckt. No. 62, Security Deed, Ex. D, ¶9. Debtor contends these HUD regulations apply to him and they were not followed and therefore the foreclosure is invalid. U.S. Bank counters that there is no private right of action to enforce the HUD regulations.

U.S. Bank is correct that there is no private right of action for violation of the HUD regulations. See Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1130-31 (11th Cir. 2014)(there is no express or implied statutory private right of action for HUD violations) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 360 (5th Cir. 1977)("[T]he National Housing Act and the regulations promulgated thereunder deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow.")). However, Bates did recognize a cause of action for breach of contract where the contract expressly conditions non-judicial foreclosure upon compliance with HUD regulations.

20

**Judicial Estoppel**.

U.S. Bank argues Debtor is judicially estopped from placing the foreclosure sale into question. U.S. Bank argues Debtor's initial bankruptcy schedules and chapter 13 plan admit there was a valid foreclosure sale because he failed to list the property on his real property schedules and failed to address the real property in his initial chapter 13 plan. Dckt. Nos. 1, and 6, Chap. 13 Case No. 15-10005 (Bankr. S.D. Ga. June 3, 2015). Furthermore, U.S. Bank argues Debtor's amended chapter 13 plan acknowledges the debt was discharged by the Form 1099-C. Dckt. No. 37, Chap. 13 Case No. 15-10005 (Bankr. S.D. Ga. June 3, 2015). His amended plan states: "U.S. Bank debt & lien has been reduced to value of collateral, $120,900.00 by debt discharge of $89,875.24 on December 2, 2014, as per 1099-C issued by creditor. Debtor will retain all loan servicing rights with U.S. Bank and will be authorized to enter into a note modification as to payments on the remaining secured claim, ($120,900.00)." Dckt. No. 37, Chap. 13 Case No. 15-10005 (Bankr. S.D. Ga. June 3, 2015).

"Our circuit employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" Slater v. U.S. Steel Corp., 871 F.3d 1174,

21

1181 (11th Cir. 2017)(quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). The Court must consider whether inconsistent statements were made in a separate proceeding and whether Debtor's motive was to make a mockery of the judicial system. First, Debtor did not necessarily take a contrary position in a separate proceeding. While Debtor's initial Schedule A does not list the property, his address on the petition is the property's address. Debtor also amended his Schedule A and plan well before filing this adversary proceeding and the confirmation of his plan. Therefore, when Debtor made the assertion in this adversary proceeding that the foreclosure was invalid and modification of the mortgage was possible, his schedules and plan were not asserting a truly contrary position than the position asserted in this adversary.

Furthermore, U.S. Bank has not established as a matter of law that Debtor intended to make a mockery of the judicial system. Debtor's initial schedules/plan and amendments thereto and the adversary proceeding involve the same bankruptcy case; before the same judge, so the Court is fully aware of Debtor's positions unlike cases where a contrary position is asserted in a separate proceedings. At the summary judgment stage, all reasonable doubts and inferences are resolved in the non-movant Debtor's favor and U.S. Bank is not entitled to summary judgment as result of judicial estoppel. See Amey, Inc., 758 F.2d at 1502; Slater v. U.S. Steel

22

AO 72A
(Rev. 8/82)

Corp., 871 F.3d at 1181.

### 11 U.S.C. §362.

Lastly, to the extent applicable, U.S. Bank seeks relief from the automatic stay in its motion for summary judgment.[2] Pursuant to 11 U.S.C. §362(d), relief from the stay may be granted:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization

11 U.S.C. §362(d). In support of its motion for relief, U.S. Bank argues Debtor's deposition testimony where he acknowledges he has been in default for nearly two (2) years entitles U.S. Bank to relief from the stay. Dckt. No. 62, Ex. F. Debtor asserts this adversary proceeding needs to be adjudicated first to determine if Debtor is entitled to loan modification. If Debtor is entitled to a mortgage modification then the payment amounts and amount owed may be modified as contemplated by Debtor's confirmed chapter 13 plan.

At the summary judgment stage where all reasonable doubts and inferences are resolved in non-movant Debtor's favor, U.S. Bank

---

[2] It is unclear if U.S. Bank currently is the proper party to seek relief from the stay. See n. 1 supra.

23

has not put forth sufficient evidence to establish cause, to grant relief.   U.S. Bank has failed to establish lack of equity or adequate protection or established other cause for relief from the stay.   For these reasons, U.S. Bank's summary judgment motion is denied.

**Debtor's Motion for Summary Judgment.**

Debtor moves for summary judgment to avoid the purported transfer arguing the bankruptcy petition was filed prior to the recordation of the Deed Under Power and therefore the transfer is subject to avoidance by Debtor.   In response, U.S. Bank states Debtor does not have standing to avoid the transfer under 11 U.S.C. §544(a)(3).   Furthermore, U.S. Bank contends even if Debtor has standing, he does not qualify as a bona fide purchaser for value because its security deed was of record giving notice of the debt and would put a buyer on "inquiry notice" to investigate further.

A chapter 13 debtor has standing to avoid a transfer using the 11 U.S.C. §544 "strong arm powers" of the trustee if it impairs Debtor's exemptions under §522(g) and the trustee does not attempt to avoid the transfer.   See 11 U.S.C. §522(h)[3] and §544(a)(3)(trustee

_____

[3]   11 U.S.C. §522(h) states in pertinent part:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if--

24

as a bona fide purchaser for value); <u>In re Thompson</u>, 499 B.R. 908, 912 (Bankr. S.D. Ga. 2013)(agreeing with the majority of courts finding a chapter 13 debtor, standing alone, may not invoke the trustee's statutory powers under §544(a)(3) as a defense in a reformation action, except under 11 U.S.C. §522(h)). At this point, Debtor has not shown he sought the assistance of the chapter 13 trustee nor has Debtor established he has standing as a matter of law.

Furthermore, even if Debtor has standing, he is not entitled to summary judgment because to avoid the transfer under 11 U.S.C. §544 because he would have been on inquiry notice of U.S. Bank's interest in the property and therefore does not qualify as a bona fide purchaser for value. What constitutes notice to the hypothetical purchaser is determined by state law. <u>In re Hedrick</u>, 524 F.3d 1175, 1184 (11th Cir. 2008)(looking at Georgia's law on constructive notice). "The proper recording of a security deed is notice to the entire world of its lien from that date and such notice continues until it is properly canceled of record." <u>Rossville Federal Sav. & Loan Ass'n v. Chase Manhattan Bank</u>, 154

---

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

S.E.2d 243, 246 (Ga. 1967); see also In re Hedrick, 524 F.3d 1175, 1184 (11th Cir. 2008)(after a security deed is recorded, a subsequent purchaser would have constructive notice of that deed under O.C.G.A. §44-2-3 and thus could not be a bona fide purchaser of value). "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led." O.C.G.A. §23-1-17.

At the time of filing of the bankruptcy petition, U.S. Bank's security deed had not been cancelled. The recording of the security deed would have put a hypothetical purchaser on notice to inquire into the status of the debt owed to U.S. Bank. See In re Hugh, 2009 WL 6499247, at *3-4 (Bankr. N.D. Ga. November 25, 2009)("Faced with the combination of the Second Security Deed and the lack of any recording of a first mortgage or its satisfaction, a prospective purchaser would have inquired of the owner of the Property, and possibly the holder of the second mortgage, as to whether a first priority security interest ever existed and, if so, whether it had been satisfied."). Because Debtor would not qualify as a bona fide purchaser under Georgia law, he is not entitled to avoid the Deed Under Power under 11 U.S.C. §544(a)(3).

Furthermore, because there is a dispute as to whether the property was property of the bankruptcy estate at the time of filing of the petition, summary judgment avoiding a post-petition transfer under 11 U.S.C. §549 and voiding of the transfer as a violation of

26

AO 72A
(Rev. 8/82)

the automatic stay of 11 U.S.C. §362(a) and any subsequent damages is not appropriate at this time.  Therefore, Debtor is not entitled to judgment as a matter of law.

For the foregoing reasons, it is ORDERED that U.S. Bank's Motion for Summary Judgment and Debtor's Motion for Summary Judgment are DENIED.

SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this _27th_ Day of February 2018

27

AO 72A
(Rev. 8/82)